UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT STOUT,**

        **Plaintiff,**

-vs-                                              Case No.  6:07-cv-1882-Orl-19UAM

**ST. AMOUR'S LAWN CARE, LLC.,**
**MICHAEL ST. AMOUR,**

        **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment as Premature or, Alternatively, Motion to Delay Plaintiff's Response to Defendants' Motion for Summary Judgment Pending Discovery (Doc. No. 12, filed Jan. 23, 2008); and

2. Defendants' Response to Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment as Premature or, Alternatively, Motion to Delay Plaintiff's Response to Defendants' Motion for Summary Judgment Pending Discovery (Doc. No. 14, filed Jan. 25, 2008).

**Background and Procedural History**

Plaintiff, a former employee of Defendant St. Armour's Lawn Care, LLC, filed a Complaint seeking unpaid overtime compensation under the Fair Labor Standards Act (FLSA), codified as 29 U.S.C. Section 201 *et seq.* on November 28, 2007.  (Doc. No. 1).  Plaintiff alleges that Defendant Michael St. Armour managed, owned and/or operated Defendant St. Armour's Lawn Care during

the entire time he was employed. (*Id.* at ¶ 5). Plaintiff contends that Defendant Michael St. Armour is an employer under the terms of the FLSA. (*Id.*) According to the allegations of Plaintiff's Complaint, Defendants were subject to the FLSA because they were an enterprise engaged in commerce or in the production of goods for commerce. (*Id.* at ¶ 4).

On January 9, 2008, Defendants filed a Motion for Summary Judgment which argued that they were not subject to the FLSA because they did not fall within the statutory definition of an enterprise engaged in commerce or in the production of goods for commerce because their annual gross sales did not exceed $500,000. (Doc. No. 10).

Plaintiff did not respond to Defendants' Motion on its merits. Instead, Plaintiff filed a Motion to Strike Defendants' Motion for Summary Judgment as Premature or Alternatively Delay Plaintiff's Response to Defendants' Motion for Summary Judgment Pending Discovery. (Doc. No. 12). Defendants oppose Plaintiff's Motion. (Doc. No. 14).

**Analysis**

**I.   Plaintiff's Motion to Strike**

Under Federal Rule of Civil Procedure 56(b), a defendant may move for summary judgment at any time with or without supporting affidavits. If a defendant's motion is properly supported, it is the plaintiff's responsibility to come forward with evidence showing there is a genuine issue of material fact for trial. Fed. R. Civ. P 56(e)(2). Summary judgment should be granted for the defendant if the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which [he] . . . bear[s] the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The FLSA's overtime provisions apply to employees who: (1) engage in commerce; (2) engage in the production of goods for commerce; or (3) are employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). The employee bears the burden of proving that he is covered by the FLSA. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage.").

Plaintiff's Complaint alleges that he was employed in an enterprise engaged in commerce or the production of goods for commerce. (Doc. No. 1, ¶ 4). Accordingly, Plaintiff seeks overtime compensation from November 2004 until the end of his employment in 2007. (Doc. No. 12, ¶ 1). Defendants' Motion for Summary Judgment argues that they are not subject to the FLSA because their annual sales do not exceed the $500,000 threshold. (Doc. No. 10). Defendants support their argument by attaching copies of their 2005 and 2006 tax returns. (Doc. No. 10-2). As of the date of filing, Defendants had not prepared their 2007 tax return, so they attached Defendant St. Armour's Lawn Care, LLC's profit and loss statement for 2007 to their response to Plaintiff's Motion to Strike. (Doc. No. 14, p. 1; Doc. No. 14-2).

For an employer to be considered a covered enterprise, it must have: (1) "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) gross sales or business of at least $500,000, exclusive of excise taxes at the retail level that are separately stated. 29 U.S.C. § 203(s)(1)(A). An enterprise's total sales or business done may be determined from its tax returns. *Thompson v. Robinson, Inc.*, No. 6:06-cv-771-Orl-19JGG, 2007 WL 2714091, * 4 (M.D. Fla. Sept. 17, 2007) (citing *Brock v. Hamad*, 867 F.2d

804, 808-809 (4th Cir.1989); *Russell v. Cont'l Rest, Inc.,* 430 F. Supp. 2d 521, 524 (D. Md. 2006)). Therefore, the documents Defendants submit provide evidentiary support for the argument that they do not have sufficient sales to be subject to the FLSA. (Doc. Nos. 10-2, 14-2). Because Defendants' Motion for Summary Judgment is properly supported and sanctioned by the Federal Rules of Civil Procedure, the Court denies Plaintiff's Motion to Strike.

## II.     Plaintiff's Alternative Motion to Delay Response to Defendants' Motion for Summary Judgment Pending Discovery

Alternatively, Plaintiff requests that the Court delay deciding Defendants' Motion for Summary Judgment until after discovery. (Doc. No. 12). Plaintiff argues that Federal Rule of Civil Procedure 56(f) prohibits the district court from prematurely granting a motion for summary judgment before the parties have had an adequate opportunity for discovery. (*Id.*); *see also, e.g., Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."), *cert. denied*, 523 U.S. 1118 (1998).

Under the current Federal Rules of Civil Procedure[1], the party opposing a properly supported motion may provide an affidavit showing a specified reason why he cannot present facts justifying his opposition. Fed. R. Civ. P. 56(f). If the court finds that discovery is necessary, it may "(1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." *Id.*

---

[1] In its Motion, Plaintiff cites the prior version Federal Rule of Civil Procedure 56(f). (Doc. No. 12, p. 5). However, the 2007 amendments to Federal Rule of Civil Procedure took effect on December 1, 2007. Although the amendments to Rule 56 were intended to be stylistic in nature, the Court is unaware of any Eleventh Circuit case interpreting the requirements of Federal Rule 56(f) after the 2007 amendments. Fed. R. Civ. P. 56 advisory committee's note (2007).

Plaintiff contends that filing an affidavit is not necessary and argues that the facts in evidence indicate that: (1) Defendants' tax returns are likely inaccurate because they fail to include all relevant financial information, including how Defendant St. Armour's Lawn Care was paid and how its revenues were derived and recorded; (2) Defendants' failure to disclose all of Defendant St. Armour's Lawn Care's salaries, wages and labor costs indicate that they have under reported their income; and (3) Defendants have hidden relevant information by failing to allow Plaintiff to depose Defendant St. Amour or any other representative or employee of Defendant St. Armour's Lawn Care.  (Doc. No. 12, pp. 3-4,¶¶ 6-8, p. 5 n. 1).  Accordingly, Plaintiff requests that the Court allow him to "conduct all reasonable and necessary discovery necessary to address the contentions raised by Defendants' Motion for Summary Judgment."   (*Id.* at p. 7).  Plaintiff specifically requests discovery of "all information relating to ST. AMOUR'S LAWN CARE, LLC's income and expense information up through the present" and "the right to depose individuals with knowledge of how ST. AMOUR'S LAWN CARE, LLC receives and processes cash and other forms of payment." (*Id.* at pp. 6-7).  Plaintiff contends that discovery will allow him to challenge the veracity of Defendants' allegations and argues that "*if* Defendants truly believe their position is supported . . ., then Defendants would not fear the discovery. . . ."  (*Id.* at p. 7 (emphasis in original)).

Defendants do not dispute Plaintiff's argument that summary judgment may not be prematurely granted.  (Doc. No. 14).  Instead, Defendants argue that Plaintiff's request is "procedurally deficient" under Rule 56(f) because Plaintiff fails to provide a specific justification, by affidavit or otherwise, as to why discovery is necessary and fails to specify the scope of discovery sought.  (*See id.* at p. 2).  Defendants argue that Plaintiff has no factual basis for his claim and assert

that his request amounts to a "fishing expedition" to force them to incur unnecessary litigation costs. (*Id.*)

There is Eleventh Circuit case law stating that a plaintiff must file an affidavit or other evidence in connection with a Rule 56(f) motion. *E.g., Robinson v. Adventist Health Sys.*, No. 06-13828, 2007 WL 4374408, *1-2 (11th Cir. Dec. 17, 2007) (stating that "a party opposing summary judgment must provide the court with an affidavit justifying the need for additional discovery" and holding that it was not an abuse of discretion to deny a Rule 56(f) motion because the plaintiff did not file an affidavit); *Bevan v. Durling*, 243 Fed. Appx. 458, 463-64 (11th Cir. 2007) ("Pursuant to Rule 56(f), a party opposing summary judgment must provide the court with an affidavit justifying the need for additional discovery."). However, there is also case law indicating that an affidavit is not always necessary to invoke the protections of Rule 56(f). *E.g., Dean v. Barber*, 951 F.2d 1210, 1214, 1214 n. 3 (11th Cir. 1992) (district court abused its discretion in granting summary judgment when plaintiff's motion to compel stated that discovery was outstanding and expressly requested that the court delay summary judgment until the defendant complied with the discovery request); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988) ("In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule."); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, (5th Cir. 1973) ("It is true that this representation was not in affidavit form by plaintiff in person but we think that the written representation by his lawyer, an officer of the court, is in the spirit of Rule 56(f) under the

circumstances. Form is not to be exalted over fair procedures."), *cert. denied*, 414 U.S. 1116 (1973).[2]

However, for the purposes of the instant motion, it is unnecessary to decide the precise form a Rule 56(f) request must take. The Complaint was filed on November 28, 2007. (Doc. No. 1). Defendants' Motion for Summary Judgment was filed on January 9, 2008. (Doc. No. 10). No Case Management Report has been filed. Under Local Rule 3.05(c)(2), no party may seek discovery from any source before the parties meet to prepare a Case Management Report. The parties received permission to hold their case management conference by telephone. (Doc. No. 15, filed Jan. 25, 2008). Plaintiff has set forth clear and detailed reasons why Defendants' evidence might be inaccurate. Thus far, the Local Rules have prohibited Plaintiff from obtaining any information from which he could prepare an argument to rebut Defendants' assertions. Accordingly, the Court finds that ruling on Defendants' Motion for Summary Judgment must be stayed as premature. The Court grants Plaintiff sixty (60) days from the date the Case Management and Scheduling Order is entered to conduct discovery and file a response to the Defendants' Motion for Summary Judgment. Any disputes over the scope and extent of discovery may be presented to the Court for resolution.

**Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Strike and **GRANTS** Plaintiff's Alternative Motion to Delay Plaintiff's Response to Defendants Motion for Summary Judgment. (Doc. No. 12). Ruling on Defendants' Motion for Summary Judgment is **DEFERRED** until sixty (60) days from the date the Case Management and Scheduling Order is filed. Until that

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

date, Plaintiff may respond to the Motion for Summary Judgment. The Motion will be taken under advisement on the day following this deadline. No hearing will be held on this motion.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March _25__, 2008.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record